Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
B. John Casey, OSB No. 120025
john.casey@stoel.com
Andrew T. Ho, OSB No. 185047
andrew.ho@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

      Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JUPITER PHARMA, LLC, a Delaware limited liability company, and MICHAEL WINTER, an individual,<br><br>      Plaintiffs,<br><br>  v.<br><br>LAFAYETTE LAND COMPANY, LLC, an Oregon limited liability company, and LUKE LAFAYETTE, an individual,<br><br>      Defendants. | Case No.: 3:19-cv-00894-BR<br><br>**COMPLAINT** |

For its Complaint against Defendants, Plaintiffs Jupiter Pharma, LLC and Michael Winter (collectively, "Jupiter Pharma" or "Plaintiff") alleges as follows:

Page 1   -   COMPLAINT

## PARTIES

1. Plaintiff Jupiter Pharma, LLC is a Delaware limited liability company. It is building a "Soil to Oil" industrial hemp/ CBD operation in Oregon (the "Project"), which will include cultivation, processing and marketing of industrial hemp. Plaintiff Jupiter Pharma, LLC's managing member is plaintiff Michael Winter, a resident of Illinois.

2. Defendant Luke Lafayette ("Lafayette") is a farmer residing in Oregon. Lafayette is the owner of Lafayette Land Company, LLC ("Land Company"), which is an Oregon limited liability company.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

4. This Court is a proper venue for this case because Defendants contracted to provide Plaintiff with agricultural lands for use in the Project in this district, Defendants are citizens of the State of Oregon and have their principal place of business in this district, and the loss suffered by Plaintiff occurred in this district. 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5. On or about March 29, 2019, Plaintiff and Defendants entered into a contract to farm and cultivate industrial hemp for the 2019 season, and, at Plaintiff's option the 2020 and 2021 seasons (the "Agreement," attached hereto as Ex. 1).

6. Under the terms of the Agreement, Defendants agreed to "farm and cultivate approximately 950 acres of hemp . . . for the benefit of" Plaintiff. *See* Agreement ¶ A.

7. Defendants also agreed to assign to Plaintiff their interests in two specific parcels of land to be used for cultivating industrial hemp.  First, the Agreement provided that Defendants "shall assign to [Plaintiff] that certain Agricultural Lease with Platt's Oak Hill Dairy LLC for the farming of approximately 476 acres of organic farm land" (the "Platt Land").  *See* Agreement ¶ C.  Second, the Agreement required Defendants to lease to Plaintiff 475 acres of farm land owned or controlled by Defendants (the "Lafayette Land").  *Id.* ¶ D.

8. In exchange, Plaintiff agreed to pay Defendants $7,500,000 for delivery of at least 2,000,000 pounds of dried hemp in 2019, and to transfer to Defendants farming equipment purchased by Plaintiff for the farming operations, which equipment would be credited against the $7,500,000 payment obligation.  *See* Agreement ¶ E.  In addition, Plaintiff agreed to pay Defendants certain incentive payments based on hemp production, and a monthly stipend during the 2019 farming season.  *Id.* ¶¶ F-G.

9. Following execution of the Agreement, Plaintiff requested information concerning Defendants' rights to the Platt Land and the Lafayette Land.  Defendants produced unsigned lease agreements relating to the Lafayette Land, and failed to provide any documentation supporting a lease and/or right to farm the Platt Land.

10. Plaintiff also was advised that Defendants purchased equipment for the farming operations, including a tractor and other irrigation equipment.  However, when Plaintiff requested documentation showing that Jupiter Pharma was the owner of such equipment in order to pay for it, Defendants provided no such documentation and Plaintiff could not authorize the company to make expenditures without such basic documentary support.

11. Over the past three months, Plaintiff (through Mr. Winter) made no less than five separate trips to meet with Mr. Lafayette to discuss the Project and farming operations.  On these

Page 3 -  COMPLAINT

trips (one of which involved prospective investors in the Project procured by Plaintiff), Mr. Lafayette provided tours of the Lafayette Land, made representations that it was "his" property and made further representations that, as per the Agreement, he was going to provide the land and farm it for Plaintiff.

12. Over this same period, Plaintiff has worked diligently on the Project, procuring outside investors, meeting with potential purchasers of CBD oil, and entering into contracts with a contractor to build a facility for drying and extraction at a cost in excess of $12.2 million, to purchase equipment for the same at a cost in excess of $3.3 million, and with an agronomist to oversee various aspects of the farming operations. In addition, to date, Plaintiff has invested nearly $1 million into the Project.

13. All seemed to be running according to plan until mid-May. At that point, Defendants suddenly quit communicating with Plaintiff at all concerning the Agreement, or preparations to farm the Platt Land and the Lafayette Land.

14. On or about May 28, 2019, Plaintiff through counsel demanded that Defendants perform under the Agreement, and not attempt to farm the Platt Land or the Lafayette Land for any other party.

15. On or about the same day, Defendants, through counsel, claimed that the Agreement "is not a final, binding, and enforceable agreement between the parties," and that there was no "meeting of the minds with respect to material terms." Defendants further asserted that Plaintiff "does not have any interest in the subject properties and Mr. Lafayette is entitled to farm properties that he either owns or controls by leasehold interest."

16. The hemp growing season begins in June 2019. If hemp seed starts are not planted within June, the season will be lost. Plaintiff has made significant investments in

furtherance of the Project, and such investments will be lost or become worthless if Plaintiff does not have access to the agricultural lands promised under the Agreement. Moreover, at this point, Plaintiff is unable to secure alternative farm lands for the 2019 hemp season.

17. On June 6, 2019, Plaintiff learned that Defendants have begun planting hemp seed starts on the Lafayette Land for another party in violation of the parties' Agreement.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment and Injunctive Relief)

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17.

19. An actual and justiciable controversy exists between Plaintiff and Defendants concerning the Agreement. Plaintiff contends that the Agreement is enforceable and that Defendants must assign rights to Plaintiff to farm the Platt Land and the Lafayette Land, and to actually farm those properties, as agreed. Defendants contend that the Agreement is not enforceable, and they owe Plaintiff no duties to perform under the Agreement.

20. Pursuant to 28 U.S.C. § 2201, Plaintiff requests that the Court declare the parties' rights and legal obligations to one another under the Agreement, including:

   a. The Agreement is an enforceable contract;

   b. Defendants are required to assign and/or lease to Plaintiff all rights to farm the Platt Land and the Lafayette Land; and

   c. Defendants may not farm the Platt Land and/or the Lafayette Land for anyone other than Plaintiff.

21. In addition, Plaintiff will suffer irreparable harm if Defendants fail to assign or otherwise transfer rights to farm the Platt Land and the Lafayette Land to Plaintiff as agreed. Plaintiff is entitled to temporary, preliminary and permanent injunctive relief prohibiting

102209990.3 0070385-00001

Defendants from transferring, assigning, leasing or farming the Platt Land and the Lafayette Land for any other person, and requiring Defendants to assign any rights to lease and farm those properties to Plaintiff as required by the Agreement.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract—Specific Performance)

22.     Plaintiff realleges and incorporates by reference paragraphs 1 through 21.

23.     The Agreement is an enforceable contract.

24.     Defendants have materially breached and/or anticipatorily repudiated the Agreement by refusing to assign or lease rights to farm the Platt Land and the Lafayette Land to Plaintiff as promised under the Agreement. Defendants have indicated that they intend to farm those properties for themselves contrary to the terms of the Agreement, and Plaintiff recently learned that Defendants have begun planting hemp seeds on the Lafayette Land for another party.

25.     Plaintiff has performed all duties owed under the Agreement, and is ready, willing and able to fully perform all future obligations under the Agreement.

26.     Plaintiff has no adequate remedy at law.

27.     Plaintiff is entitled to specific performance of the Agreement, including assignment to it of rights to farm the Platt Land and the Lafayette Land as required by the Agreement.

## THIRD CLAIM FOR RELIEF

### (Fraud)

28.     Plaintiff alleges and incorporates by reference paragraphs 1 through 27.

Page 6   -   COMPLAINT

29.     Plaintiff pleads this claim in the alternative to its claims based on the Agreement and only in the event this Court finds that the Agreement in not an enforceable or that Defendants have no rights to farm or lease the Platt Land and the Lafayette Land.

30.     In connection with the Agreement, Defendants made several material representations concerning their rights to farm the Platt Land and the Lafayette Land.  Among other things, Defendants represented that they had an "Agricultural Lease" to farm the Platt Land, which would be assigned to Plaintiff.  In addition, Defendants represented that they "owned or controlled" the Lafayette Land, and had rights to farm such land for the 2019-2021 seasons.

31.     Defendants knew these representations were not true when they were made.  In reality, Defendants had no rights to farm the Platt Land or ability to assign such rights to Defendants; nor did Defendants "own or control" the Lafayette Land, or have the right to farm such land for the 2019-2021 seasons as represented (collectively, the "Misrepresentations").

32.     Defendants intended that Plaintiff rely on the Misrepresentations, and Plaintiff did so rely and entered into the Agreement and incurred costs relating to the Project on the belief that Defendants had rights to farm the Platt Land and the Lafayette Land as represented.

33.     As a result of the Misrepresentations, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $1,000,000.  In addition, Plaintiff is entitled to punitive damages based on the intentional, willful, and reckless Misrepresentations.

WHEREFORE, Plaintiff prays for judgment as follows:

1.      A declaration consistent with paragraph 19 *supra* that the Agreement is an enforceable contract, that Defendants are required to assign to Plaintiff all rights to farm the Platt

Page 7   -   COMPLAINT

Land and the Lafayette Land, and that Defendants may not farm the Platt Land and/or the Lafayette Land for anyone other than Plaintiff;

2. An order temporarily, preliminarily, and permanently enjoining Defendants from transferring, assigning, leasing or farming the Platt Land and/or the Lafayette Land for any other person, and requiring Defendants to assign all rights to lease and farm those properties to Plaintiff as required by the Agreement;

3. In the alternative, for damages in an amount to be proven at trial, but no less than $1,000,000, and for an award of punitive damages as allowed by law;

4. For pre- and post-judgment interest;

5. For costs and disbursements incurred herein; and

6. For such other relief as the Court deems just and equitable.

DATED: June 7, 2019.

STOEL RIVES LLP

*s/ Timothy W. Snider*
TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
B. JOHN CASEY, OSB NO. 120025
john.casey@stoel.com
ANDREW T. HO, OSB NO. 185047
andrew.ho@stoel.com
Telephone: 503.224.3380

Attorneys for Plaintiff